| | |
|---|---|
| MAGNITUDE LIGHTING CONVERTERS, INC., a Delaware corporation, <br><br>    Plaintiff, <br><br> v. <br><br> J SQUARED INVESTMENTS, LLC, a Tennessee limited liability company; JOHN WOENER, an individual; and DOES 1 through 10, inclusive, <br><br>    Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR:** <br><br> **(1) TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;** <br><br> **(2) FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125 (A);** <br><br> **(3) COMMON LAW TRADEMARK INFRINGEMENT; and** <br><br> **(4) VIOLATION OF TENNESEE CONSUMER PROTECTION ACT** <br><br> **JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT and JURY TRIAL DEMAND

Plaintiff Magnitude Lighting Converters, Inc. ("Magnitude" or "Plaintiff"), brings this action against Defendants J Squared Investments, LLC. ("J Squared") and John Woerner ("Woerner") (hereafter referred to collectively as "Defendants") for, among other things, willful misappropriation and unlawful use of Plaintiff's federally registered trademarks and unfair competition.

### THE PARTIES

1. Plaintiff Magnitude Lighting Converters, Inc. is a Delaware Corporation with its principal place of business located at 16782 Von Karman Ave, Irvine, California. Plaintiff has been engaged for many years in the sale of, *inter alia*, lighting controls, drivers and transformers for

1

<small>Complaint</small>

LEDs and LED lighting fixtures for both commercial and residential application under its federally registered trademarks MAGNITUDE LIGHTING and MAGNITUDE.

2. Defendant J Squared Investments LLC is a Tennessee LLC with a registered business address and principal place of business located at 2724 Buckner Lane, Thompson Station, Tennessee, 37179.

3. Defendant John Woerner is the Registered Agent of J Squared and, upon information and belief, resides at the same address at 2724 Buckner Lane, Thompson Station, Tennessee, 37179. Woerner holds himself out as owner/CEO of "J Squared Systems," which appears to be an unregistered entity and, likely, a fictious business name used by J Squared and/or Woerner. Woerner's email address is "john@jsquaredsystems.com."

4. Defendants have marketed and sold LED lights, LED lighting fixtures, and lighting controls using Plaintiff's federally registered trademarks MAGNITUDE and MAGNITUDE LIGHTING. Such acts have employed the website JSquaredSystems.com, which, on its home page, includes a link identified as "Attitude Lighting Controller" which, when selected, leads to a site called "attitude.lighting". In a "Terms of Use" document accessible from that site, Defendant J Squared Investments, LLC, identifies itself as the operator of the attitude.lighting site and further states that, "You can contact us by phone at 615-933-1025 and email at info@jsquaredsystems.com". The phone number, 615-933-1025, listed is identified elsewhere as that of J Squared Systems.

5. Magnitude is ignorant of the true names and capacities of the defendants listed as DOES 1 through 10 inclusive and, therefore, sues these defendants by fictitious names. Magnitude will amend this complaint to allege these defendants' true names and capacities when ascertained.

NSH 3917548.1

## JURISDICTION AND VENUE

6.      This Court has original subject-matter jurisdiction over Plaintiff Magnitude's claims based upon 28 U.S.C. §§ 1331 and 1338, as this case involves claims for infringement of federally registered trademarks and federal unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*

7.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because they are so closely related to Magnitude's federal trademark infringement and unfair competition claims that the state law claims are part of the same case and controversy.

8.      This Court has personal jurisdiction over Defendant J Squared because J Squared is a Tennessee LLC located in this judicial district and because J Squared's and Woener's unlawful conduct, as alleged herein, occurred in large part in this judicial district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because J Squared's principal place of business is located in this District, because Woerner resides in this District, and because all or a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

### *Plaintiff Magnitude's Federally Registered Trademarks*

10.     Plaintiff Magnitude is the owner of US Trademark Registration Nos. 5,684,572 and 7,847,486 for the marks MAGNITUDE LIGHTING and MAGNITUDE, respectively (hereafter the "MARKS"). These Registrations are valid, subsisting and in full force and effect, and the Marks are the exclusive property of Plaintiff.

NSH 3917548.1

11.     The MAGNITUDE LIGHTING Registration has been maintained for over 6 years and has now attained incontestable status pursuant to 15 U.S.C § 1065.

12.     The MARKS have been in continuous use by Plaintiff and its predecessor in title throughout the United States since 2005 and have acquired enormous value through continuous, extensive, and exclusive use and continuous extensive advertising for over 20 years, and they uniquely identify Plaintiff as the source of goods and services bearing the MARKS. The MARKS are strong, and indeed the MAGNITUDE LIGHTING mark is strong as a matter of law due to its incontestable status.

13.     Plaintiff Magnitude further owns common law rights in the MARKS through extensive and continuous use of those MARKS.

14.     Magnitude often prominently uses the MAGNITUDE LIGHTING mark featuring both words in all caps with the word MAGNITUDE above the word LIGHTING and the word MAGNITUDE is given more prominence than the word LIGHTING, such as:



*Defendants' Infringing Conduct*

15.     On or about May 19, 2025, Plaintiff became aware that Defendants were infringing the MARKS by using the exact marks MAGNITUDE LIGHTING and MAGNITUDE prominently on the cover of a catalog displayed on-line on the jsquaredsystems.com website and accessible by a domain name registered and owned by Defendants, namely, www.magnitudecolor.com, and actively promoted this domain name on its LinkedIn account. These infringing uses are illustrated in **Exhibit A**.

NSH 3917548.1

16. Defendants' website catalog further employed numerous "MAGNI" product names for various LED light fixture and lighting products such as MagniCan, MagniTube, MagniBar, MagniFlood, MagniRope, MagniSconce, MagniDot and MagniDisc.

17. Defendant selected the MAGNI product names at least in part because they are based on the mark MAGNITUDE.

18. Defendants have further caused the MARKS to be prominently featured in YouTube videos accessible from its website and on a shirt worn in a YouTube video as illustrated in **Exhibit B**. The use on the shirt prominently uses the MAGNITUDE LIGHTING mark featuring both words in all caps with the word MAGNITUDE above the word LIGHTING and the word MAGNITUDE is given more prominence than the word LIGHTING.

19. The use on the shirts supports an inference that Defendant had prior knowledge of and knowingly and intentionally copied the MARKS.

20. The domain name magnitudecolor.com now redirects to https://linktr.ee/magnicolor, which prominently displays the MARKS as well as the mark MAGNICOLOR and each of the MAGNI product names, as depicted in **Exhibit C**, and also provides access to a digital catalog (see **Exhibit D**), which prominently displays the mark MAGNICOLOR and each of the other MAGNI product names.

21. Defendants operate the webpage www.jsquaredsystems.com, which prominently displays the mark MAGNICOLOR and each of the other MAGNI product names (see **Exhibit E**).

22. Defendants also maintain a Youtube channel in the name of J2 Systems, which Youtube channel uses the mark MAGNICOLOR and each of the other MAGNI product names (see **Exhibit F**).

NSH 3917548.1

23. Upon information and belief, Defendants and each of them directly engaged in the above infringing acts and/or knowingly encouraged and facilitated them.

*Plaintiff Magnitude's Cease and Desist Letter*

24. On July 10, 2025 Plaintiff sent a cease and desist letter to Defendant Woener as President of J Squared Systems demanding that J Squared Systems cease its infringing conduct and asserting that Defendants' shirt use of the MAGNITUDE MARK reflected prior knowledge and intentional infringement of the MARKS.

25. Defendant Woerner responded to Plaintiff's July 10 letter with an email dated July 25, 2025 from his email address at "John Woerner john@jsquaredsystems.com." In this email, Woerner stated, "we are agreeable to "ceasing the use of 'Magnitude Lighting' and 'Magnitude' (as a standalone term) in all of our branding and marketing materials," but asserted that "we do own the rights to the domain magnitudecolor.com and have submitted a trademark application to the USPTO for both 'MagnitudeColor' and 'Magnicolor.'" Woerner further asserted that it would "continue to use the associated product line names—including MagniCan, MagniTube, MagniBar, MagniFlood, MagniRope, MagniSconce, MagniDash, MagniDot, and MagniDisc—as none of these marks are currently registered by any third party."

26. Notably, Defendant Woerner did not contest the assertion in Plaintiff's July 10 letter that Plaintiff's MARKS had been knowingly and intentionally copied.

27. On August 19, 2025, Plaintiff replied to Defendant Woerner's July 25 email, by an email advising that the proposal to apparently pivot to use of MagnitudeColor or Magnicolor was unacceptable since a likelihood of confusion with Plaintiff's MARKS would still exist and that the continued use of the "MAGNI" product names was also unacceptable as those marks

NSH 3917548.1

misappropriate the dominant portion of Plaintiff's MARKS. Plaintiff further observed that it was unable to locate any trademark applications filed by Defendant for MagnitudeColor or Magnicolor.

28. Upon information and belief, no such applications seeking to register Magnitude Color and/or Magnicolor as federal trademarks have ever been filed.

## FIRST CAUSE OF ACTION
*Trademark Infringement, 15 U.S.C. § 1114 et seq.*

29. All preceding paragraphs hereof are incorporated as if fully set forth herein.

30. Plaintiff is the owner of the MARKS and Federal Trademark Registrations Nos. 5,684,572 and 7,847,486 for those MARKS.

31. Plaintiff Magnitude has continuously used the MARKS to market, promote, and sell goods identified in the Registrations since as early as 2005. Due to Plaintiff's wide-spread and longstanding use along with substantial investment in promotion and protection of the MARKS, the MARKS have become well-known and valuable assets of Plaintiff.

32. Defendants have had constructive and actual knowledge of the MARKS and Plaintiff's ownership thereof.

33. Upon information and belief, the marketing channels for Plaintiff's goods and Defendants' goods substantially overlap, and the goods are closely related. Plaintiff has done substantial business over the years in Tennessee, and Nashville in particular, and has various sales agents with offices in Nashville and elsewhere in Tennessee, in addition to on-line based distributors focused on selling and marketing Plaintiff's products in Nashville and elsewhere in Tennessee.

34. Defendants' acts of: (a) knowing, willful, and unauthorized use of the MARKS, (b) use of the mark MAGNICOLOR, (c) use of the MAGNI product names, and (d) use of the domain www.Magnitudecolor.com, in the sale, offering for sale, distribution and advertising of

Defendants' products are likely to cause confusion, mistake and deception as to the source of Defendants' products and as to whether Defendants' products are sponsored by, or affiliated or connected with, or approved by Plaintiff Magnitude.

35. Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114.

36. Plaintiff has no association with Defendants and no control over the quality of Defendants' goods and services, and, hence, Plaintiff's reputation and goodwill are exposed to substantial risk by Defendants' conduct. Further, as a result of Defendants actions, Plaintiff has suffered and continues to suffer immediate and irreparable injury, loss, harm, and damage including damage to Plaintiff's goodwill and brand reputation and will continue to suffer said injury, loss, harm, and damage unless and until Defendants are enjoined from their present conduct.

37. Plaintiff is further entitled to recover its attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION
### *Federal Unfair Competition, 15 U.S.C. § 1125(A)*

38. All preceding paragraphs are incorporated as if fully set forth herein.

39. Plaintiff is the owner of the MARKS.

40. Defendants have used, are using, and have caused others to use marks identical to or confusingly similar to the MARKS in connection with the advertising, promotion, and sale of their products and services without Plaintiff's authorization or consent.

41. Defendants' actions are likely to cause confusion, mistake, or deception as to the affiliation, connection or association with Plaintiff or as to the origin, sponsorship or approval by Plaintiff of Defendants' good, services or commercial activities in violation of 15 U.S.C. § 1125(a).

NSH 3917548.1

42. Defendants' acts were undertaken willfully with full knowledge of Plaintiff's trademark rights.

43. Plaintiff is informed and believes and thereon alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' actions in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

44. Due to Defendants' actions, Plaintiff has suffered and will continue to suffer great and irreparable injury, unless such actions are restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief against Defendants enjoining Defendants from further acts of infringement.

45. Plaintiff is further entitled to recover its attorney's fees and costs incurred in this action.

### THIRD CAUSE OF ACTION
#### *Common Law Trademark Infringement*

46. All preceding paragraphs are incorporated by reference here as if fully set forth herein.

47. Plaintiff is the owner of the MARKS.

48. Defendants have used, are using, and have caused others to use marks identical to, or confusingly similar to, the MARKS in connection with the advertising, promotion, and sale of their products and services without Plaintiff's authorization or consent.

49. Defendants' actions are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval by Plaintiff of Defendants' good, services or commercial activities.

NSH 3917548.1

50. Defendants' acts were undertaken willfully with full knowledge of Plaintiff's trademark rights.

51. Plaintiff is informed and believes and thereon alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' actions in an amount that is not presently known to Plaintiff. By reason of Defendants' actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

52. Due to Defendants' actions, Plaintiff has suffered and will continue to suffer great and irreparable injury, unless such actions are restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief against Defendants enjoining Defendants from further acts of infringement.

53. Plaintiff is further entitled to recover its attorney's fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION
### *Violation of Tennessee Consumer Protection Act (TCPA)*

54. All preceding paragraphs are incorporated as if fully set forth herein.

55. Defendants have engaged in unfair and deceptive business practices in violation of the TCPA by using marks identical or confusingly similar to those of Plaintiff in connection with marketing and selling Defendants' goods and services as described above.

56. As a proximate result of Defendants' actions as alleged above, Plaintiff has suffered and will continue to suffer harm unless Defendants are enjoined and Plaintiff is awarded damages and attorney's fees in an amount to be proven at trial.

57. Plaintiff has no adequate remedy at law for its injuries unless and until Defendants are restrained in the future from engaging in the wrongful acts described above. Therefore, Plaintiff

NSH 3917548.1

is entitled to a preliminary and permanent injunction prohibiting Defendants from engaging in continued acts of unfair competition against Plaintiff.

58. Defendant' acts as alleged are willful, oppressive, fraudulent, and in conscious disregard of Plaintiff s rights and of the resulting harm to Plaintiff. Plaintiff therefore is entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Magnitude Lighting Converters, Inc., respectfully requests the following relief:

A. Judgment in Plaintiff's favor and against Defendants on all causes of action alleged herein;

B. An award of all damages caused by Defendants' unlawful acts in an amount to be proven at trial;

C. Preliminary and permanent injunctive relief, including an Order that:

1. Defendants, as well as its respective agents and all other persons and entities in active concert, participation, or privity with them (hereafter collectively "J SQUARED"), are prohibited and enjoined from using the MAGNITUDE and MAGNITUDE LIGHTING marks or any mark or marks confusingly similar thereto, including but not limited to, MAGNICOLOR and the other MAGNI product names, in any manner, including but not limited to all:

   a. use in any advertising or print media;

   b. use on wearing apparel; and

   c. use on or in the internet, any website, any video, and any and all social media, including but not limited to: Facebook, YouTube, Instagram or LinkedIn.

NSH 3917548.1

2.     J SQUARED shall immediately discontinue use of the web address "magnitudecolor.com" and transfer ownership of that domain to Plaintiff Magnitude.

D.     An Order that Defendants file with the Court and serve on Plaintiff within 30 days after issuance of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants has complied with the injunction pursuant to 15 U.S.C. § 1116 (a);

E.     Judgment that Defendants' trademark infringement was willful and malicious;

F.     Exemplary and punitive damages as provided by law;

G.     Costs of suit incurred herein;

H.     Prejudgment interest;

I.     Attorney fees; and

J.     Such other and further relief as the Court may deem to be just and proper.

Dated: July 10, 2026                     Respectfully submitted,

By:     */s/ William J. Haynes, III*
William J. Haynes, III (BPR No. 017398)
SPENCER FANE LLP
511 Union St., Ste. 1000
Nashville, TN 37219
(615) 238-6324 Telephone
(615) 238-6301 Facsimile
whaynes@spencerfane.com

GLEN L NUTTALL
(*Pro Hac Vice Admission Pending*)
FISHERBROYLES, LLP
145 S. Fairfax Ave., Ste. 200
Los Angeles, CA 90036
Telephone: (949) 584-2774
Email: glen.nuttall@fisherbroyles.com

*Attorneys for Plaintiff*
MAGNITUDE LIGHTING CONVERTERS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Magnitude Lighting Converters, Inc., hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

Dated: July 10, 2026                    Respectfully submitted,

By:    */s/ William J. Haynes, III*
        William J. Haynes, III (BPR No. 017398)
        SPENCER FANE LLP
        511 Union St., Ste. 1000
        Nashville, TN 37219
        (615) 238-6324 Telephone
        (615) 238-6301 Facsimile
        whaynes@spencerfane.com

        GLEN L NUTTALL
        (*Pro Hac Vice Admission Pending*)
        FISHERBROYLES, LLP
        145 S. Fairfax Ave., Ste. 200
        Los Angeles, CA 90036
        Telephone: (949) 584-2774
        Email: glen.nuttall@fisherbroyles.com

        *Attorneys for Plaintiff*
        MAGNITUDE LIGHTING CONVERTERS, INC.

13                         DEMAND FOR JURY TRIAL